UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ESTEBAN HERNANDEZ,<br><br>   Petitioner,<br><br>v.<br><br>DHS/ICE and LORETTA LYNCH, Attorney General,<br><br>   Respondents. | CASE NO. 1:15-cv-01829-BAM HC<br><br>ORDER DENYING PETITIONER'S MOTION FOR APPOINTMENT OF COUNSEL<br><br>(Docs. 2 and 7) |

Petitioner, proceeding *pro se* with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241, moves for appointment of counsel. Petitioner contends that appointment of counsel is required since (1) he lacks the financial means to hire counsel; (2) is unable to investigate his claims while incarcerated; (3) his case is unduly complex; and (4) he has been unable to find counsel who will represent him without cost.

In habeas proceedings, no absolute right to appointment of counsel currently exists. *See, e.g., Anderson v. Heinze*, 258 F.2d 479, 481 (9th Cir. 1958); *Mitchell v. Wyrick*, 727 F.2d 773, 774 (8th Cir. 1984). Nonetheless, a court may appoint counsel at any stage of the case "if the interests of justice so require." 18 U.S.C. § 3006A(a)(2)(B); Rule 8(c), Rules Governing Section 2254 Cases.

Petitioner's contentions for appointment of counsel are the same as those of nearly all petitioners for writs of habeas corpus. Petitioner has competently filed his petition and motion for appointment of counsel, presenting well reasoned arguments supported by appropriate legal citations. Accordingly, the Court finds no evidence that the interests of justice require the appointment of counsel at this time.

Petitioner's motion for appointment of counsel is hereby DENIED.
IT IS SO ORDERED.

Dated:   **December 15, 2015**            /s/ *Barbara A. McAuliffe*            
                                UNITED STATES MAGISTRATE JUDGE

1