UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ESTEBAN HERNANDEZ,<br><br>    Petitioner,<br><br>v.<br><br>DHS/ICE and LORETTA LYNCH, Attorney General of the United States of America,<br><br>    Respondents. | CASE NO. 1:15-cv-01829-SKO  HC<br><br>ORDER DENYING PETITIONER'S MOTION FOR APPOINTMENT OF COUNSEL<br><br>(Doc. 21) |

For the second time in this district, Petitioner, proceeding *pro se* with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241, moves for appointment of counsel. In habeas proceedings, no absolute right to appointment of counsel currently exists. *See, e.g., Anderson v. Heinze*, 258 F.2d 479, 481 (9th Cir. 1958); *Mitchell v. Wyrick*, 727 F.2d 773, 774 (8th Cir. 1984). Nonetheless, a court may appoint counsel at any stage of the case "if the interests of justice so require." 18 U.S.C. § 3006A(a)(2)(B); Rule 8(c), Rules Governing Section 2254 Cases.

Petitioner contends that appointment of counsel is required since (1) he lacks the financial means to hire counsel; (2) is unable to investigate his claims while incarcerated; (3) his case is unduly complex; and (4) he has been unable to find counsel who will represent him without cost. He shares these four contentions with nearly all petitioners for writs of habeas corpus. Petitioner has competently filed his petition and motion for appointment of counsel, presenting well reasoned arguments supported by appropriate legal citations. Accordingly, the Court finds no evidence that the interests of justice require the appointment of counsel at this time.

Petitioner's motion for appointment of counsel is hereby DENIED.

IT IS SO ORDERED.

Dated:   **February 16, 2016**              **/s/ Sheila K. Oberto**
                                             UNITED STATES MAGISTRATE JUDGE

1

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28