UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ESTEBAN HERNANDEZ,<br><br>Petitioner,<br><br>v.<br><br>DHS/ICE and LORETTA LYNCH, Attorney General of the United States of America,<br><br>Respondents. | CASE NO. 1:15-cv-01829-DAD-SKO  HC<br><br>ORDER DENYING PETITIONER'S MOTION FOR APPOINTMENT OF COUNSEL<br><br>(Doc. 34) |

For the third time in this district, Petitioner, proceeding *pro se* with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241, moves for appointment of counsel. In habeas proceedings, no absolute right to appointment of counsel currently exists. *See, e.g., Anderson v. Heinze*, 258 F.2d 479, 481 (9th Cir. 1958); *Mitchell v. Wyrick*, 727 F.2d 773, 774 (8th Cir. 1984). Nonetheless, a court may appoint counsel at any stage of the case "if the interests of justice so require." 18 U.S.C. § 3006A(a)(2)(B); Rule 8(c), Rules Governing Section 2254 Cases.

Petitioner contends that appointment of counsel is required since Respondents misrepresented the status of his pending immigration case in their request for an extension of time in which to respond to the petition (Doc. 30). Petitioner's motion sets forth facts supporting his claim that Respondents misrepresented the facts and urges appointment of counsel according to the standards applicable in the immigration case. In addressing a habeas petition, this Court lacks jurisdiction to interfere in the pending immigration case.

///

1  This Court applies the standards for appointment of counsel in federal habeas case.  It finds that
2  Petitioner has competently filed his petition and motion for appointment of counsel, presenting well
3  reasoned arguments supported by appropriate legal citations.  Accordingly, the Court restates its
4  conclusion that the interests of justice do not require the appointment of counsel at this time.
5  Petitioner's third motion for appointment of counsel is hereby DENIED.

IT IS SO ORDERED.

Dated:   **May 6, 2016**                         **/s/ Sheila K. Oberto**
                                                 UNITED STATES MAGISTRATE JUDGE