UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ESTEBAN HERNANDEZ,<br><br>    Petitioner,<br><br>    v.<br><br>DHS/ICE AND LORETTA LYNCH,<br>Attorney General,<br><br>    Respondents. | No.  1:15-cv-01829-DAD-SKO  HC<br><br>**ORDER DENYING PETITIONER'S MOTIONS FOR RECONSIDERATION OF EXTENSION OF TIME**<br><br>**(Docs. 33, 35, and 36)** |

Petitioner, a federal prisoner proceeding *pro se* with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241, moves for reconsideration of the Court's April 19, 2016, order granting Respondent's *ex parte* motion for a sixty-day extension of time in which to file the response to the habeas petition.  Petitioner contends that in seeking the extension of time, Respondents misrepresented the procedural status of the underlying immigration case, and suggests that the Court erred in failing to provide him with an opportunity to oppose the motion for extension of time.  The Court declines to grant reconsideration.

According to the Local Rules:

> The Court may, in its discretion, grant an initial extension *ex parte* upon the affidavit of counsel that a stipulation extending time cannot reasonably be obtained, explaining the reasons why such a stipulation cannot be obtained and the reasons why an extension is necessary.  Except for one such initial extension, *ex parte* applications for extension of time are not ordinarily granted.

Local R. 144(c).

1

1   Upon an apparent showing of good cause, initial motions for extensions of time in which to
2   answer a petition are given to respondents in habeas cases as an ordinary practice since prisoners
3   are generally not available to execute stipulations for time extensions.

4       The time for response is not statutory but is set by the Court in its discretion.  R. 5(e),
5   *Rules Governing Section 2254 Cases in United States District Courts.*  Particularly with an initial
6   request for extension of time, the Court is generally indulgent to both respondents or petitioners
7   who can articulate a reasonable basis for their need for additional time to complete and file a
8   pleading.  In the case of respondents in habeas cases, limited budgets and personnel, as well as
9   the need to secure necessary information regarding the underlying case, weigh in favor extending
10  time to allow a complete and accurate response to the habeas petition.

11      Requests for extensions of time do not lend themselves to resolution of substantive and
12  procedural disputes regarding the underlying case.  The Court declines to resolve the parties'
13  disagreements on the procedural status of the underlying immigration case until briefing in the
14  habeas case has been completed, and the record has been lodged with the Court.

15      Petitioner's motion for reconsideration of the Court's extension of time for Respondents
16  to file a response to the petition is hereby DENIED.

17
18  IT IS SO ORDERED.

19  Dated:   **May 9, 2016**                              **/s/ Sheila K. Oberto**
                                                         UNITED STATES MAGISTRATE JUDGE

2