UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ESTEBAN HERNANDEZ,<br><br>    Petitioner,<br><br>    v.<br><br>DHS/ICE; LORETTA LYNCH, Attorney General,<br><br>    Respondents. | No.  1:15-cv-01829-DAD-SKO  HC<br><br>**FINDINGS AND RECOMMENDATION TO DISMISS PETITION FOR WRIT OF HABEAS CORPUS FOR LACK OF JURISDICTION**<br><br>**OBJECTIONS DUE: 30 DAYS**<br><br>**(Doc. 39)** |

      Petitioner Esteban Hernandez, who is detained by the Department of Homeland Security (DHS), proceeds with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241. Claiming that his detention has been prolonged, Petitioner seeks (1) release and review of his continued detention and (2) release or waiver of the bond requirement on which his release is contingent. Respondents contend that the District Court lacks jurisdiction to release Petitioner or to review the amount set as his bond. Having reviewed the record as a whole and applicable law, the undersigned recommends that the Court dismiss the habeas petition for lack of jurisdiction.

**I.      Procedural and Factual Background**

      Petitioner, a native and citizen of Mexico, was a lawful permanent resident of the United States. In Los Angeles County Superior Court on April 6, 2001, Petitioner was convicted of assault with a deadly weapon (Cal. Penal Code § 245(a)(1)). Petitioner had been removed to Mexico three times prior to the 2001 conviction.

1

Following removal proceedings, on January 6, 2015, an immigration judge denied Petitioner's application for withholding of removal and protection under the Convention Against Torture. Petitioner filed an unsuccessful administrative appeal, followed by three separate petitions for review by the Ninth Circuit Court of Appeals.[1] Petitioner sought a stay of removal to Mexico pending his appeals. The Ninth Circuit entered a temporary stay of removal and took all pending motions under submission, pending the outcome of a remand to the district court to resolve Petitioner's claim of United States citizenship. Petitioner's removal remains stayed under the temporary order.

Throughout the Ninth Circuit proceedings, Petitioner has remained in ICE custody. On February 24, 2014, an immigration judge granted Petitioner's motion for an order for bond and set the bond amount at $18,000. Petitioner moved for reconsideration in 2016. The immigration judge found no material change of circumstances and ordered that the bond amount remain at $18,000.

## II.     **No Jurisdiction to Review Amount of Bond**

This Court has no statutory authority to review the amount of Petitioner's bond. *Prieto-Romero v. Clark*, 534 F.3d 1053, 1067 (9th Cir. 2008). In refusing to reach the merits of Prieto-Romero's claim that the immigration judge had set an excessively high bond amount, requiring him to remain in custody, the Ninth Circuit relied on 8 U.S.C. § 1226(e), which provides:

> The Attorney General's discretionary judgment regarding the application of this section shall not be subject to review. No court may set aside any action or decision by the Attorney General under this section regarding the detention or release of any alien or the grant, revocation, or denial of bond or parole.

*Prieto-Romero*, 534 F.3d at 1067.

///

---

[1] The three petitions have been consolidated.

2

Under the statute, a district court has no authority to review the reasonableness of a bond amount set by an immigration judge. *Id.*

### III. <u>Duration of Petitioner's Detention</u>

Under 8 U.S.C. § 1226(a), the Attorney General's authority to detain an alien who has been ordered deported is limited to "the period reasonably necessary to bring about the alien's removal from the United States." *Zadvydas v. Davis*, 533 U.S. 678, 699 (2001). The statute does not authorize indefinite detention. *Id.* Relying on this precedent, Petitioner seeks immediate release from detention, contending "his detention has become prolonged, 'indefinite' and potentially permanent." Doc. 1 at 1. Although Petitioner's detention is prolonged, it is neither indefinite or permanent. As was the case with Prieto-Romero, Petitioner's lengthy detention can be distinguished from that of the detainees considered in *Zadvydas*, in that his release is foreseeable upon resolution of his pending appeals. The Court may not order Petitioner's immediate release simply because his administrative and judicial appeals have been protracted.

Zadvydas, born of Lithuanian parents in a German displaced persons camp following World War II, came to the United States with his family as an eight-year-old child in the 1950s. 533 U.S. at 684. Following a long criminal career, he was ordered deported to Germany in 1994. *Id.* Deporting Zadvydas was not easy:

> In 1994, Germany told the INS that it would not accept Zadvydas because he was not a German citizen. Shortly thereafter, Lithuania refused to accept Zadvydas because he was neither a Lithuanian citizen nor a permanent resident. In 1996, the INS asked the Dominican Republic (Zadvydas' wife's country) to accept him, but this effort proved unsuccessful. In 1998, Lithuania rejected, as inadequately documented, Zadvydas' effort to obtain Lithuanian citizenship based on his parents' citizenship . . . . .

533 U.S. at 684.

As a result, the Immigration and Naturalization Service (INS) was forced to detain Zadvydas far past the time period permitted by the statute. *Id.* at 684-85.

Similarly, the INS was unable to deport convicted felon Kim Ho Ma, who had been a resident alien since he came to the United States from Cambodia as a child in 1984. *Zadvydas*, 533 U.S. at 685. In Kim's case, no realistic chance existed that the INS would be able to return

3

him to Cambodia since the United States did not have a repatriation treaty with Cambodia. *Id.* at 686.

In *Prieto-Romero*, the Ninth Circuit distinguished prolonged detention (Prieto-Romero had been detained three years) from the indefinite detention of the aliens addressed in *Zadvydas*. On its face, § 1226(a) authorizes detention of aliens during the process of reviewing the removal order, 534 F.3d at 1062. Although an alien's continued detention during the administrative and judicial review period may be prolonged, it does not become indefinite as long as the government can repatriate him to his designated country if the pending review process is not resolved in the alien's favor. *Id.* In contrast, no likelihood remained that Zadvydas or Kim would eventually be removed from the United States: their respective administrative and judicial review processes were complete, but for reasons of international law, neither could not be repatriated to his designated country. *Id.* As a result, Zadvydas and Kim became stuck in "removable-but-unremovable limbo." 534 F.3d at 1063. In legal terms, Zadvydas' and Kim's detention became indefinite. *Id. See also Nadarajah v. Gonzales*, 443 F.3d 1069 (9th Cir. 2006) (finding no foreseeable removal since the United States could not return Nadarajah to his designated country, Sri Lanka).

Because Petitioner's removal is reasonably foreseeable, § 1226(a) authorizes his continued detention. Nonetheless, "due process requires 'adequate procedural protections' to ensure that the government's asserted justification for physical confinement 'outweighs the individual's constitutionally protected interest in avoiding physical restraint.'" *Prieto-Romero*, 534 F.3d at 1065 (quoting *Zadvydas*, 533 U.S. at 690-91). Petitioner has already received two such hearings, in compliance with *Rodriguez v. Robbins*, 715 F.3d 1127 (9th Cir. 2013), had the opportunity to argue for his release from detention, and secured an order authorizing his release on bond. He is not entitled to more.

**IV.     Certificate of Appealability**

A petitioner seeking a writ of habeas corpus has no absolute entitlement to appeal a district court's denial of his petition, but may only appeal in certain circumstances. *Miller-El v.*

///

4

*Cockrell*, 537 U.S. 322, 335-36 (2003). The controlling statute in determining whether to issue a certificate of appealability is 28 U.S.C. § 2253, which provides:

> (a) In a habeas corpus proceeding or a proceeding under section 2255 before a district judge, the final order shall be subject to review, on appeal, by the court of appeals for the circuit in which the proceeding is held.
>
> (b) There shall be no right of appeal from a final order in a proceeding to test the validity of a warrant to remove to another district or place for commitment or trial a person charged with a criminal offense against the United States, or to test the validity of such person's detention pending removal proceedings.
>
> (c) (1) Unless a circuit justice or judge issues a certificate of appealability, an appeal may not be taken to the court of appeals from—
>
> (A) the final order in a habeas corpus proceeding in which the detention complained of arises out of process issued by a State court; or
>
> (B) the final order in a proceeding under section 2255.
>
> (2) A certificate of appealability may issue under paragraph (1) only if the applicant has made a substantial showing of the denial of a constitutional right.
>
> (3) The certificate of appealability under paragraph (1) shall indicate which specific issues or issues satisfy the showing required by paragraph (2).

If a court denies a habeas petition, the court may only issue a certificate of appealability "if jurists of reason could disagree with the district court's resolution of his constitutional claims or that jurists could conclude the issues presented are adequate to deserve encouragement to proceed further." *Miller-El*, 537 U.S. at 327; *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). Although the petitioner is not required to prove the merits of his case, he must demonstrate "something more than the absence of frivolity or the existence of mere good faith on his . . . part." *Miller-El*, 537 U.S. at 338.

Reasonable jurists would not find the Court's determination that Petitioner is not entitled to federal habeas corpus relief debatable or wrong, or the issues presented deserving of

5

encouragement to proceed further.  Accordingly, the Court should decline to issue a certificate of appealability.

V.         **Conclusion and Recommendation**

The undersigned recommends that the Court dismiss the Petition for writ of habeas corpus for lack of jurisdiction and decline to issue a certificate of appealability.

These Findings and Recommendations will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C § 636(b)(1).  Within **thirty (30) days** after being served with these Findings and Recommendations, either party may file written objections with the Court.  The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Replies to the objections, if any, shall be served and filed within **fourteen (14) days** after service of the objections.  The parties are advised that failure to file objections within the specified time may constitute waiver of the right to appeal the District Court's order.  *Wilkerson v. Wheeler*, 772 F.3d 834, 839 ((9th Cir. 2014) (citing *Baxter v. Sullivan*, 923 F.2d 1391, 1394 (9th Cir. 1991)).


IT IS SO ORDERED.

Dated:   **July 20, 2016**                                          /s/ *Sheila K. Oberto*
                                                                                 UNITED STATES MAGISTRATE JUDGE