UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ESTEBAN HERNANDEZ,<br><br>    Petitioner,<br><br>v.<br><br>DHS/ICE AND LORETTA LYNCH,<br>Attorney General,<br><br>    Respondents. | No. 1:15-cv-01829-DAD-SKO HC<br><br>**FINDINGS AND RECOMMENDATIONS RECOMMENDING THAT THE COURT DENY PETITIONER'S MOTION FOR RECONSIDERATION OF ITS ORDER DISMISSING PETITION FOR LACK OF JURISDICTION**<br><br>**(Doc. 46)** |

Petitioner Esteban Hernandez, who is detained by the Department of Homeland Security, moves for reconsideration of the Court's November 22, 2016, order adopting findings and recommendations to dismiss his petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241. The petition sought (1) release and review of Petitioner's continued detention, and (2) release or waiver of the bond requirement on which Petitioner's release is contingent. Respondents opposed the motion, contending that the District Court lacked jurisdiction to order Petitioner released or to review the amount set as bond.

On July 20, 2016, after reviewing the record and applicable law, the Magistrate Judge entered findings and recommendations to dismiss the petition for lack of jurisdiction. The District Court entered an order adopting the findings and recommendations on November 22, 2016.

1

**A.     Reconsideration**

Reconsideration is an "extraordinary remedy, to be used sparingly in the interest of finality and conservation of judicial resources." *Carroll v. Nakatani*, 342 F.3d 934, 945 (9th Cir. 2003). Courts generally refuse to reopen decided matters. *Magnesystems, Inc. v. Nikken, Inc.*, 933 F.Supp. 944, 948 (C.D.Cal. 1996). "[T]here would be no end to a suit if every obstinate litigant could, by repeated appeals, compel a court to listen to criticisms on their opinions, or speculate on chances from changes of its members." *Roberts v. Cooper*, 61 U.S. 467, 481 (1857).

To succeed, a party must set forth facts or law of a strongly convincing nature to induce the court to reverse its prior decision. *See Kern-Tulare Water Dist. v. City of Bakersfield*, 634 F.Supp. 656, 665 (E.D.Cal. 1986), *affirmed in part and reversed in part on other grounds*, 828 F.2d 514 (9th Cir. 1987). A motion for reconsideration is not a vehicle by which a party may rehash arguments and facts that the court has already considered in making the original ruling. *Rodriguez v. SGLC Inc.*, 2013 WL 6844549 (E.D. Cal. December 24, 2013) (No. 2:08-cv-01971-MCE-KJN). "A party seeking reconsideration must show more than a disagreement with the Court's decision." *United States v. Westlands Water District*, 134 F.Supp.2d 1111, 1131 (E.D.Cal. 2001). Reconsideration is appropriate only if the district court is presented with newly discovered evidence or has committed clear error, or if there is an intervening change in controlling law. *Marlyn Nutraceuticals, Inc. v. Mucos Pharma GmbH & Co.*, 571 F.3d 873, 880 (9th Cir. 2009).

**B.     A District Court Lacks Habeas Jurisdiction Over Discretionary Determinations**

As his basis for reconsideration, Petitioner argues that the court erred in determining that it lacked jurisdiction to review Petitioner's continued detention, or to waive the bond required for Petitioner's release. Relying on *Leonardo v. Crawford*, 646 F.3d 1157 (9th Cir. 2011), and *Singh v. Holder*, 638 F.3d 1196 (9th Cir. 2011),[1] Petitioner contends that the Ninth Circuit held that the District Court had jurisdiction to review his claims. Both *Leonardo* and *Singh* are distinguishable

---

[1] Petitioner also relies on *Hernandez (Xochitl) v. Lynch*, 2016 WL 7116611 (C.D.Cal. Nov. 10, 2016) (No. EDCV 16-00620-JGB (KKx)), appeal pending, *Hernandez (Xochitl) v. Sessions* (9th Cir.) (No. 16-56829). *Hernandez*, in which the district court granted a preliminary injunction in a class action suit challenging the government's bond practices in pending immigration actions, is inapposite.

in that both detainees raised constitutional challenges to their continued detention without bond, whereas Petitioner seeks relief based on the length of his detention and the amount of the bond required for his release.

"[A]liens facing prolonged detention while their petitions for review of their removal orders are pending are entitled to a bond hearing before a neutral immigration judge." *Singh*, 638 F.3d at 1200 (citing *Casas-Castrillon v. Department of Homeland Security*, 535 F.3d 942 (9th Cir. 2008)). In *Singh*, an alien alleged various substantive and procedural due process violations in his *Casas* bond hearing. 638 F.3d at 1201. The Ninth Circuit recognized the significant liberty interests at stake in *Casas* hearings and held that due process required (1) the government to prove the necessity of continued detention by clear and convincing evidence and (2) the immigration court to make a contemporaneous record of all *Casas* hearings. 638 F.3d at 1200.

In the course of reaching its decision, the Ninth Circuit rejected the government's contention that federal courts lacked jurisdiction to address Singh's constitutional claims under 8 U.S.C. § 1226(e),[2] which provides:

> The Attorney General's discretionary judgment regarding the application of this section shall not be subject to review. No court may set aside any action or decision by the Attorney General under this section regarding the detention or release of any alien or the grant, revocation, or denial of bond or parole.

The U.S. Supreme Court has held that this statutory bar applies only to "a 'discretionary judgment' by the Attorney General or a 'decision' that the Attorney General has made regarding detention or release." *Demore v. Kim*, 538 U.S. 510, 516 (2003). The Supreme Court distinguished such claims from constitutional challenges, such as Kim's habeas petition challenging the constitutionality of the statutory framework for detention of aliens, from challenges to the Attorney General's discretionary determinations under § 1226, such as the determination to detain an alien during removal proceedings or the amount set for the detainee's bond. *Id.*

///

---

[2] Section 1226, addressing the apprehension and detention of aliens, provides for the arrest, detention, and release of aliens, and authorizes the conditioning of release on a bond of no less than $1500.00.

3

In *Leonardo*, the Ninth Circuit again held that it had habeas jurisdiction to review constitutional claims and claims of legal error. Leonardo alleged that he had been detained for a prolonged period without bond and that his bond hearing violated due process. 646 F.3d at 1159, 1160. The Ninth Circuit remanded the case to the District Court for dismissal of the petition because of Leonardo's failure to exhaust his administrative remedies before filing his habeas petition. *Id*. at 1161.

In contrast to *Singh* and *Leonardo*, the petition in this case does not allege a constitutional claim or a claim of legal error in Petitioner's detention or bond hearings. Instead, the petition alleges that Petitioner's "detention has become prolonged" and "indefinite and potentially permanent." Doc. 1 at 1. Although Petitioner had been provided with both an initial hearing on detention and bail, and the custody status review required by *Casas* as his detention became prolonged, the immigration court determined not to release Petitioner from custody. Doc. 1 at 25. The decision stated, "A review of your criminal history, Assault, Burglary, Fraud and Grand Theft indicates you may be a threat to the community if released from custody." *Id.* Petitioner conceded to the immigration court that he had returned to the United States three times following previous removal orders.

The petition challenged the immigration court's finding that Petitioner may be a threat to the community (Doc. 1 at 1) and sought a waiver of the bond required for his release (Doc. 1 at 6). Although Petitioner labels them as due process violations, these claims challenge the Attorney General's discretionary determinations to (1) detain Petitioner and (2) require a set amount of bond ($18,000) for Petitioner's release pending resolution of his appeal claiming U.S. citizenship through his grandmother. Under § 1226(e), a district court lacks habeas jurisdiction over challenges to the Attorney General's discretionary determinations.

**B.      The Court Should Not Issue a Certificate of Appealability**

A petitioner seeking a writ of habeas corpus has no absolute entitlement to appeal a district court's denial of his petition, but may only appeal in certain circumstances. *Miller-El v. Cockrell*, 537 U.S. 322, 335-36 (2003). The controlling statute in determining whether to issue a certificate of appealability is 28 U.S.C. § 2253, which provides:

> (a) In a habeas corpus proceeding or a proceeding under section 2255 before a district judge, the final order shall be subject to review, on appeal, by the court of appeals for the circuit in which the proceeding is held.
>
> (b) There shall be no right of appeal from a final order in a proceeding to test the validity of a warrant to remove to another district or place for commitment or trial a person charged with a criminal offense against the United States, or to test the validity of such person's detention pending removal proceedings.
>
> (c) (1) Unless a circuit justice or judge issues a certificate of appealability, an appeal may not be taken to the court of appeals from—
>
>> (A) the final order in a habeas corpus proceeding in which the detention complained of arises out of process issued by a State court; or
>>
>> (B) the final order in a proceeding under section 2255.
>
> (2) A certificate of appealability may issue under paragraph (1) only if the applicant has made a substantial showing of the denial of a constitutional right.
>
> (3) The certificate of appealability under paragraph (1) shall indicate which specific issues or issues satisfy the showing required by paragraph (2).

If a court denies a habeas petition, the court may only issue a certificate of appealability "if jurists of reason could disagree with the district court's resolution of his constitutional claims or that jurists could conclude the issues presented are adequate to deserve encouragement to proceed further." *Miller-El*, 537 U.S. at 327; *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). Although the petitioner is not required to prove the merits of his case, he must demonstrate "something more than the absence of frivolity or the existence of mere good faith on his . . . part." *Miller-El*, 537 U.S. at 338.

Reasonable jurists would not find the Court's determination that it lacks jurisdiction over the Attorney General's discretionary determinations concerning Petitioner's detention and the amount of bond to be debatable or wrong, or conclude that the issues presented required further adjudication. Accordingly, the Court declines to issue a certificate of appealability.

**C.** **<u>Conclusion and Recommendation</u>**

The undersigned recommends that the Court deny the motion for reconsideration of its prior judgment and decline to issue a certificate of appealability.

These Findings and Recommendations will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C § 636(b)(1). Within **thirty (30) days** after being served with these Findings and Recommendations, either party may file written objections with the Court. The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Replies to the objections, if any, shall be served and filed within **fourteen (14) days** after service of the objections. The parties are advised that failure to file objections within the specified time may constitute waiver of the right to appeal the District Court's order. *Wilkerson v. Wheeler*, 772 F.3d 834, 839 ((9th Cir. 2014) (citing *Baxter v. Sullivan*, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated: **April 12, 2017**      /s/ *Sheila K. Oberto*
                                             UNITED STATES MAGISTRATE JUDGE