**UNITED STATES DISTRICT COURT**

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ESTEBAN HERNANDEZ,<br><br>　　　　Petitioner,<br><br>　v.<br><br>DHS/ICE,<br><br>　　　　Respondent. | Case No. 1:15-cv-01829-DAD-SKO HC<br><br>FINDINGS AND RECOMMENDATION THAT THE COURT DISMISS THE CASE FOR FAILURE TO PROSECUTE |

On December 8, 2016, Petitioner Esteban Hernandez, a federal prisoner proceeding with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241, moved for reconsideration of the Court's order dismissing the petition for lack of jurisdiction. On April 13, 2017, the Magistrate Judge issued findings and recommendations that the Court deny the motion for reconsideration.

The findings and recommendations, which were served on Petitioner by mail the same day, provided that Petitioner could file objections within thirty days. On April 27, 2017, the copy of an order mailed to Petitioner was returned to the Clerk marked "undeliverable, not in custody."

Local Rule 183 provides:

> A party appearing *in propria persona* shall keep the Court and opposing parties advised as to his or her current address. If mail directed to a plaintiff *in propria persona* by the Clerk is returned by the U.S. Postal Service, and if such Plaintiff fails to notify the Court and opposing parties within sixty-three (63) days thereafter of a current address, the Court may dismiss the action without prejudice

1

for failure to prosecute.

Although more than sixty-three (63) days have elapsed from the date of the return of the order mailed to Petitioner, Petitioner has failed to advise the Court of his current address or contacted the Court in any other way.  The Court has discretion to impose any and all sanctions authorized by statute or rule or within the inherent power of the Court, including dismissing the motion, based on a petitioner's failure to comply with a court rules.  F.R.Civ.P. 11; Local R. 110.

## **Certificate of Appealability**

A petitioner seeking a writ of habeas corpus has no absolute entitlement to appeal a district court's denial of his petition, but may only appeal in certain circumstances.  *Miller-El v. Cockrell*, 537 U.S. 322, 335-36 (2003).  The controlling statute in determining whether to issue a certificate of appealability is 28 U.S.C. § 2253, which provides:

> (a) In a habeas corpus proceeding or a proceeding under section 2255 before a district judge, the final order shall be subject to review, on appeal, by the court of appeals for the circuit in which the proceeding is held.
>
> (b)  There shall be no right of appeal from a final order in a proceeding to test the validity of a warrant to remove to another district or place for commitment or trial a person charged with a criminal offense against the United States, or to test the validity of such person's detention pending removal proceedings.
>
> (c)    (1) Unless a circuit justice or judge issues a certificate of appealability, an appeal may not be taken to the court of appeals from—
>
>     (A)  the final order in a habeas corpus proceeding in which the detention complained of arises out of process issued by a State court; or
>
>     (B)  the final order in a proceeding under section 2255.
>
>     (2)  A certificate of appealability may issue under paragraph (1) only if the applicant has made a substantial showing of the denial of a constitutional right.
>
>     (3)  The certificate of appealability under paragraph (1) shall indicate which specific issues or issues satisfy the showing required by paragraph (2).

If a court denies a habeas petition, the court may only issue a certificate of appealability "if jurists of reason could disagree with the district court's resolution of his constitutional claims or that jurists

could conclude the issues presented are adequate to deserve encouragement to proceed further." *Miller-El*, 537 U.S. at 327; *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). Although the petitioner is not required to prove the merits of his case, he must demonstrate "something more than the absence of frivolity or the existence of mere good faith on his . . . part." *Miller-El*, 537 U.S. at 338. Reasonable jurists would not find the Court's determination that Petitioner is not entitled to federal habeas corpus relief to be debatable or wrong, or conclude that the issues presented required further adjudication. Accordingly, the Court declines to issue a certificate of appealability.

### Conclusion and Recommendation

Accordingly, the undersigned RECOMMENDS that as a result of Petitioner's failure to prosecute the case, the Court dismiss with prejudice the motion for reconsideration in the above-captioned action.

These Findings and Recommendations will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C § 636(b)(1). Within **thirty (30) days** after being served with these Findings and Recommendations, Petitioner may file written objections with the Court. The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Petitioner is advised that failure to file objections within the specified time may constitute waiver of the right to appeal the District Court's order. *Wilkerson v. Wheeler*, 772 F.3d 834, 839 ((9th Cir. 2014) (citing *Baxter v. Sullivan*, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated: **July 20, 2017**          /s/ *Sheila K. Oberto*
                                 UNITED STATES MAGISTRATE JUDGE

3